**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MIGUEL COVARRUBIAS,** | ) |
| | ) |
| **Plaintiff** | ) |
| **v.** | ) **CAUSE NO: 1:23-cv-801** |
| | ) |
| **WOOD-MIZER, LLC.,** | ) |
| | ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case.

Plaintiff, Miguel Covarrubias ("Covarrubias" and/or "Plaintiff"), brings this action against Wood-Mizer, LLC., (hereafter "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et. seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### II.  Parties.

1.     Covarrubias, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

2.     Defendant resides and/or maintains one or more offices in and conducted business within the Southern District of Indiana, Indianapolis Division, at all relevant times.

### III.  Jurisdiction and Venue.

3.     Covarrubias is a "person" under 42 U.S.C. § 1981.

4.     Covarrubias held an employment relationship with Defendant under 42 U.S.C. § 1981.

5.     Covarrubias' employment relationship was contractual in nature under 42 U.S.C.

§ 1981.

6.    Federal question jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1331.

7.    Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8.    Covarrubias is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

9.    Covarrubias satisfied his obligation, if any, to exhaust his administrative remedies.  Having timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and after receiving his Notice of Suit Rights, Covarrubias brings this original action within ninety (90) days of his receipt thereof.

10.    All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, Indianapolis Division.  Thus, venue is proper in this Court.

### IV.  Factual Allegations

11.    Covarrubias, a Hispanic male whose parents are from Mexico, commenced his employment with Defendant on or about October 9, 2006 in the position of Welder.

12.    Covarrubias final position with Defendant was that of Production Supervisor.

13.    Covarrubias met and/or exceeded the legitimate performance expectations of Defendant.  His exemplary performance is evidenced through lack of formal discipline and a consistent increase in job responsibilities and duties.  However, at various times throughout his employment, Covarrubias was treated less favorably than his fellow Caucasian employees.

14.    By 2019 Covarrubias had attained the position of Production Supervisor on second shift.

15.    However, as the only minority Production Supervisor employed by Defendant,

Covarrubias noticed that Defendant treated him and other minorities far worse than their Caucasian peers with regard to the terms and conditions of their employment.

16.     In late July 2021 due to the discriminatory working environment that Covarrubias was being subjected, Covarrubias complained to William Gott (Caucasian Human Resource Manager).

17.     Specifically, Covarrubias complained that he believed Chad Stevens (Caucasian Plant Manager) was treating him and minority associate employees differently due to their race / ethnicity including with regards to how much they were being paid and racist statements being made.  Such a complaint is protected from retaliation under Title VII and 1981.

18.     After his complaint, Defendant did institute a pay raise but Defendant's discriminatory and hostile treatment toward Covarrubias did not cease.

19.     On or about August 18, 2021, Covarrubias again approached Gott regarding his past complaint and that Stevens was still harassing him.

20.     However, instead of taking action to curb the discriminatory and retaliatory treatment to which Covarrubias was subjected Gott persuaded Covarrubias not to take his complaint any further.

21.     Following Covarrubias complaint of discrimination / retaliation the working environment to which he was subjected only worsened.  Such actions include, but are not limited to, Covarrubias being excluded from supervisory meetings; Production Supervisors threatening Covarrubias; Production Supervisors interfering with his ability to perform his job duties; and, subjecting Covarrubias to a hostile working environment that was both severe and pervasive. Many of these actions taken against Covarrubias were taken with the hope that he would resign his employment.

22.     On June 30, 2022, Covarrubias approached Stevens regarding the unequal treatment that he and others were being subjected to by Production Supervisors and others throughout the Department.

23.     Such a complaint is protected activity under Title VII.

24.     In response Stevens told Covarrubias "Your just complaining because who you are."

25.     Stevens also told Covarrubias to get the hell out of his office.  While he was leaving Stevens' office Covarrubias informed Stevens that he would be contacting Gott in human resources.

26.     Hours later Defendant terminated Covarrubias allegedly for insubordination.

27.     Defendant's reasons for terminating Covarrubias are pretextual.

28.     Covarrubias was terminated due to his race / ethnicity, national origin, and in retaliation for engaging in statutorily protected conduct under Title VII and 1981.

29.     Indeed, the only action by Covarrubias on June 30th that could have been seen as insubordination is that he informed Stevens he was again being treated unfairly and that he would be taking his concerns to Human Resources.

30.     Covarrubias did not violate any policy or procedure of Defendant that would warrant discipline, yet alone termination.

31.     Similarly-situated Non-Hispanic employees and/or those who have not reported discrimination have engaged in far worse behavior and have not been terminated by Defendant. Such individuals include, but are not limited to, Kyle Huff, Pete Pearson, Jay Burdine, and Wayne Burdine.

32.    Here, Defendant intentionally terminated Covarrubias with the knowledge that the reason given had no basis in fact and that other employees had on numerous occasions received more favorable treatment with regard to the terms and conditions of their employment.

33.    Furthermore, Defendant took no steps to properly investigate Covarrubias' complaints of discrimination and took no steps to curb and discriminatory, retaliatory, and hostile actions being taken against him due to his race / ethnicity.

34.    Defendant subjected Covarrubias to a hostile working environment and terminated Covarrubias in violation of Title VII and 1981

35.    Defendant has violated Covarrubias' rights as they are protected by Title VII and 1981.

36.    Covarrubias has been and continues to be economically and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

37.    Defendant's actions violate the Civil Rights Act of 1866, 42 U.S.C. § 1981.

38.    Defendant's actions were willful, intentional, and/or done with reckless disregard for Covarrubias federal rights.

### V.  Legal Causes of Action

### COUNT I –RACE / ETHNICITY/ NATIONAL ORIGIN DISCRIMINATION – 42 U.S.C. § 1981

39.    Plaintiff hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint herein.

40.    Defendant terminated plaintiff because of his race /ethnicity and/or national origin.

41.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights under 42 U.S.C. § 1981.

42.    Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II – RETALIATION - 42 U.S.C. § 1981

43.    Plaintiff hereby incorporates paragraphs one (1) through forty-two (42) of his Complaint herein.

44.    Plaintiff engaged in protected activity under 1981.

45.    Defendant terminated Plaintiff in retaliation for his protected activity.

46.    Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights.

47.    Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

## COUNT III – RACE / ETHNICITY / NATION ORIGIN DISCRIMINATION – TITLE VII

48.    Plaintiff hereby incorporates paragraphs one (1) through forty-seven (48) of his Complaint herein.

49.    Defendant terminated Plaintiff because of his race /ethnicity and/or national origin.

50.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights under Title VII.

51.    Plaintiff has suffered damages as a result of this unlawful conduct.

## COUNT IV – RETALIATION – TITLE VII

52.    Plaintiff hereby incorporates paragraphs one (1) through fifty-one (51) of his Complaint herein.

53.    Plaintiff engaged in protected activity under Title VII.

54.    Defendant terminated Plaintiff in retaliation for his protected activity.

55.    Defendant's actions were intentional, willful, and done in reckless disregard of

Plaintiff's rights.

56.    Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Miguel Covarrubias, by counsel, requests that this Court find

for Plaintiff and order Defendant to:

1.    Reinstate Plaintiff to the position, salary, and seniority level he would have

enjoyed but for Defendant's unlawful employment action(s), or award him front

pay in lieu thereof;

2.    Pay to Plaintiff all of his lost wages and benefits;

3.    Pay to Plaintiff compensatory damages;

4.    Pay to Plaintiff punitive damages;

5.    Pay to Plaintiff pre - and post-judgment interest on all sums recoverable;

6.    Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7.    Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/ Ryan C. Fox*
Ryan C. Fox (21631-49)
FOX & SINK, LLC
6177 North College Avenue
Indianapolis, IN 46220

rfox@foxsinklaw.com
Telephone:  317-254-8500

## DEMAND FOR JURY TRIAL

7

The Plaintiff, by counsel, respectfully requests a jury trial as to all issues deemed triable.

_s/ Ryan C. Fox_
Ryan C. Fox